UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
Christine A. March
Attorney for the United States Trustee
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650 Extension 239
Facsimile: (713) 718-4670
E-Mail:  christine.a.march@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-41505-H5-11 |
| | § | |
| ARTHUR COLEMAN | § | |
| | § | |
| DEBTOR IN POSSESSION | § | CHAPTER 11 |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE OR IN THE ALTERNATIVE TO CONVERT CASE TO CHAPTER 7 AND NOTICE OF HEARING

*******************************************************************************

LOCAL RULE 9013(b) NOTICE:  THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY (20) DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  **IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AGREEMENT, YOU MUST ATTEND THE HEARING.** UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

*******************************************************************************

**NOTICE OF HEARING: A hearing on this Motion has been scheduled for April 11, 2011 @ 10:30 a.m. at Courtroom #403, Fourth Floor, Federal Courthouse, 515 Rusk; Houston, Texas 77002.**

*******************************************************************************

TO THE HONORABLE KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Judy A. Robbins, the United States Trustee for the Southern District of Texas, by and through the undersigned counsel, who respectfully requests entry of an order dismissing this case pursuant to 11 U.S.C. § 1112(b), Fed.R.Bankr.P. 1017, and BLR 1017, or, in the alternative, converting this case to chapter 7, and represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. A matter involving a motion to convert or dismiss a chapter 11 case a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Judy A. Robbins is the duly appointed United States Trustee for the Southern District of Texas ("UST") pursuant to 28 U.S.C. § 581(a)(7).

3. Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under title 11.

4. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the UST is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of Title 11, including monitoring the progress of such cases and taking such actions as the UST deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(G).

### Factual Background

5. On December 20, 2010, Arthur Coleman ("Debtor") filed a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code. The Debtor filed a Motion to Convert from Chapter 13 to Chapter 11 on February 2, 2011 (Docket # 18).

6. The Debtor's Motion to convert to chapter 11 alleges that the Debtor's liquidated debts exceed the limit for a chapter 13. See paragraph 2, Docket # 18. However pursuant to the Debtor's Schedules of Assets and Liabilities (Docket #9), the Debtor lists secured claims of $19,000.00, priority obligations of $2,335.00 and unsecured obligations of $83,343.00. This level of debt does not exceed the debt limits for chapter 13.

7. Since the order for relief under chapter 11 was entered, the Debtor has operated as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.

8. The Debtor is an individual dentist with a d/b/a of Coleman Dental.

9. According to his schedules of Assets, Mr. Coleman owns no real estate, household furniture valued at $2,000.00, clothing, a vehicle and Coleman Dental valued at $0. His liabilities are listed as one secured claim of $19,000, which is a loan secured by his vehicle, a 2003 Mercedes Benz 500SL. His priority claim is $2,335.00 reflecting the fees for his attorneys for the filing of the case, and general unsecured claims of $83,343.00, the largest of his unsecured claims consist of a claim he owes to Dhhs/hrsa in the amount of $73,260.00.

10. The conversion of the case from chapter 13 to chapter 11 occurred on February 10, 2011 (Docket # 18). Since the conversion of the case the Debtor has failed to appear in proper prosecution of the case, to wit;
    a. The Debtor has failed to file conversion schedules.
    b. The United States Trustee scheduled an Initial Debtor Conference on March 3, 2011. The Debtor's counsel appeared at the Initial Debtor Conference but the Debtor failed to appear.
    c. The United States Trustee provided the Debtor with an Initial Debtor package requesting banking, insurance and financial information be provided prior to the date of the Initial Debtor Conference. The Debtor has failed to provide any of the information requested by the United States Trustee.

11. On February 28, 2011 (Docket # 27) the Debtor's counsel filed a Motion to Withdraw as Attorney of Record. The Motion alleges that the Debtor has failed to respond to the attorney making the case impossible to prosecute.

**Cause to Convert or Dismiss**

12. Section 1112(b)(4) sets forth grounds for dismissal or conversion of a chapter 11 case. It provides, in pertinent part, that a chapter 11 case may be dismissed or converted for cause including:

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; [and]

    (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court.

13. Cause exists either to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(F) because there is an unexcused failure to satisfy timely any filing or reporting requirement established by title 11 or by any rule applicable to a case under chapter 11. Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(F) because the Debtor has failed to timely file operating reports and statements of disbursements during

the pendency of this case.

### Relief Requested

14. The UST is of the opinion that dismissal is in the best interest of creditors and the estate for want of prosecution.

15. If this Court determines that dismissal is not in the best interest of creditors and the estate, then the UST, in the alternative, would request the entry of an order converting this chapter 11 case to chapter 7.

WHEREFORE, the UST prays that this Court enter an order dismissing this chapter 11 case pursuant to 11 U.S.C. § 1112(b), or, in the alternative, converting this case to chapter 7, and for any and all further relief as may be equitable and just.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE

By: /s/Christine A. March
Christine Ann March
Attorney for the United States Trustee
Texas Bar #129680200
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650 Extension 239
Facsimile: (713) 718-4670
E-Mail; christine.a.march@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S MOTION TO DISMISS** was served electronically upon the parties so noticed by the Clerk of the Bankruptcy Court, and upon the Debtor and Debtor's Attorney as listed below, by United States Mail first class postage prepaid or ecf transmission as noted on this the 8th day of March, 2011.

      /s/ Christine A. March
      Christine Ann March
      Attorney for the United States Trustee

<u>Debtor</u>

Arthur W. Coleman
2710 Holly Hall
Unit J
Houston, Tx 77054

<u>Debtor's Counsel:</u>

Nelson M Jones, III
Attorney at Law
440 Louisiana
Suite 1575
Houston, TX 77002